IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW STEVENS and CHARLES ABABIO, Individually and On Behalf of All Others Similarly Situated,<br>Plaintiffs,<br><br>v.<br><br>CYMULATE, INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:23-cv-2407 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Matthew Stevens and Charles Ababio ("Named Plaintiffs") on behalf of themselves and all others similarly situated (Named Plaintiffs and potential FLSA Opt-In Plaintiffs are collectively referred to herein as "Plaintiffs") bring this suit against Defendant Cymulate, Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended. Plaintiff Stevens also brings this suit against Defendant under the Colorado Wage Claim Act ("CWCA"), Colorado Rev. Stat. § 8-4-101 to -124, and the Colorado Minimum Wage Act ("CMWA") as interpreted by the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #38, 7. C.C.R. 1103-1. Named Plaintiffs show as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of

40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2.  The CMWA, like the FLSA, makes it illegal for an employer to fail to pay employees less than time-and-one-half for every hour worked above 40 in a workweek. COMPS # 38 § 4.1.1(A).

3.  The CWCA makes it illegal for an employer to intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate or retaliate against any employee who has, among other things, filed any complaint or instituted or caused to be instituted any proceeding under any law or rule related to wages or hours. Colorado Rev. Stat. § 8-4-120.

4.  Defendant Cymulate, Inc. ("Defendant") has violated the FLSA, the CMWA, and the CWCA, by failing to pay its Sales Development Representatives ("SDRs") in accordance with the guarantees and protections of these laws and by retaliating against Plaintiff Stevens when it terminated him for filing a wage complaint. Defendant has knowingly refused to pay its SDRs at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

5.  Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendant's compensation policies, Named Plaintiffs bring this action as an opt- in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

6.  Named Plaintiff Matthew Stevens is an individual who resides in Jefferson County, Colorado. He has consented to be a party-plaintiff in this action. His consent form is attached

hereto as Exhibit A.

7. Named Plaintiff Charles Ababio is an individual who resides in Dallas County, Texas. He has consented to be a party-plaintiff in this action. His consent form is attached as Exhibit B.

8. Defendant is a for-profit corporation that is authorized to do business in Texas. Defendant can be served with process by service on its registered agent, Interstate Agent Services, LLC, 12830 Hillcrest Road Suite 111, Dallas, Texas 75230.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff Stevens' Colorado wage claims form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over Plaintiff Stevens' Colorado claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

10. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas. A substantial part of the events forming the basis of this suit occurred in this District and Division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

11. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all relevant times, Plaintiffs were "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) whom Defendant at all relevant times "employ[ed]" within the

meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

13. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. In the performance of their work, Plaintiffs handled equipment and supplies that were manufactured outside of the state of Texas, including, for example, laptops, computer monitors, and computer mouses.

16. At all relevant times, Plaintiffs were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §207.

## V. COVERAGE UNDER COLORADO LAW

17. At all relevant times, Defendant has been an "employer" within the meaning of Colorado Overtime and Minimum Pay Standards Order ("COMPS") 38 § 1.6.

18. At all relevant times, Plaintiff Stevens and other potential opt-ins who worked in Colorado were individual "employees" within the meaning of COMPS Order 38 § 1.5., and "were performing labor or services for the benefit of" Defendant, as described therein.

## VI. FACTUAL ALLEGATIONS

19. Defendant is a cybersecurity software company that operates throughout the United States, with its principal place of business in Dallas, Texas.

20. Named Plaintiff Stevens was employed by Defendant from approximately June 2022 until approximately March 2023.

21. Named Plaintiff Ababio was employed by Defendant from approximately February 2022 to September 2022.

22. For all times relevant to this action, Named Plaintiffs worked for Defendant as Sales Development Representatives ("SDRs") working remotely from their homes to develop software sales leads for Defendant.

23. As SDRs, Plaintiffs spent most of their time making phone calls to Defendant's clients, in order to persuade them to purchase software or increase the amount of software they had already purchased.

24. If a client tentatively agreed to make a purchase, the SDR would schedule a meeting between that client and one of Defendant's Account Executives, who would then attempt to finish the sale.

25. The job description and job duties of all SDRs were and are essentially the same.

26. Defendant paid Plaintiffs primarily a base salary, in addition to a commission incentive structure.

27. Because of the way their pay was structured, SDRs earned less in commissions than they did in base salary on a weekly, monthly, and yearly basis.

28. Named Plaintiffs Stevens and Ababio, like other SDRs, usually worked between 45 and 50 hours per week, and sometimes more.

29. Defendant maintained and followed a policy and practice under which it refused to pay Plaintiffs the required overtime premium for the hours they worked above 40 in any given workweek.

30. As a result of Defendant's violations of law, Plaintiffs suffered lost wages and lost use of those wages.

31. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Plaintiffs.

*Named Plaintiff Stevens' Colorado Wage Claim Act Claim*

32. Defendant failed to timely pay Plaintiff Stevens the full amount of the commissions he earned in October 2022 and November 2022.

33. Beginning in November 2022, Plaintiff Stevens made multiple complaints to Defendant over the course of several months regarding his unpaid commissions.

34. After Defendant repeatedly failed to correct this payment error, Plaintiff Stevens filed a claim for unpaid wages under the CWCA with the Colorado Department of Labor on January 17, 2023.

35. On February 23, 2023, Defendant terminated Stevens in retaliation for filing his wage claim.

### VII.   FLSA COLLECTIVE ACTION ALLEGATIONS

36. Under 29 U.S.C. § 216(b), Named Plaintiffs seek authorization to send notice of the right to join this lawsuit to a group of similarly situated employees delineated as follows:

> **All current and former Sales Development Representatives employed by Defendant during the three-year period before the date the Court authorizes notice.**

37. Named Plaintiffs and Potential Opt-In Plaintiffs performed the same or similar job duties

as one another in that they worked as SDRs selling security software.

38. Application of the policies and practices described above does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Thus, the Potential Opt-In Plaintiffs are owed unpaid overtime for the same reasons as Named Plaintiffs, without regard to their individualized circumstances.

### VIII. CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES PURSUANT TO FLSA

39. Plaintiffs hereby incorporate all paragraphs of this Complaint as though fully set forth herein.

40. During the relevant period, Defendant violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing the Named Plaintiffs and the Potential Opt-In Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

### IX. CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES PURSUANT TO THE CMWA

41. Plaintiffs hereby incorporate all paragraphs of this Complaint as though fully set forth herein.

42. During the relevant period, Defendant violated COMPS Order 38 when it failed to pay Plaintiff Stevens and potential opt-ins who worked in Colorado overtime wages for hours

Case 3:23-cv-02407-K    Document 1    Filed 10/30/23    Page 8 of 10    PageID 8

worked over forty in each given workweek. 7 C.C.R. 1103-1 ¶ 4.1.1(A).

43. When Defendant failed to make payments in compliance with COMPS Order 38, it failed to pay the minimum wages fixed by the director pursuant to Title 8, Article 6 of the Colorado Revised Statutes. C.R.S. § 8-6-116(1).

44. Defendant's failure to make payments required by COMPS Order 38 violated the Colorado Minimum Wage Act. C.R.S. § 8-6-116(1).

### X. CAUSE OF ACTION: RETALIATION IN VIOLATION OF THE CWCA (PLAINTIFF STEVENS)

45. Plaintiffs hereby incorporate all paragraphs of this Complaint as though fully set forth herein.

46. During the relevant period, Defendant violated the CWCA, Colorado Rev. Stat. § 8-4-120, by retaliating against Plaintiff Stevens by terminating him for making a protected complaint against Defendant regarding his unpaid commissions.

### XI. PRAYER FOR RELIEF

For the foregoing reasons, the Named Plaintiffs pray for judgment against Defendant as follows:

    a. For an expedited Order authorizing notice to Potential Opt-In Plaintiffs under the FLSA, 29 U.S.C. § 216(b);

    b. For an Order under Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiffs and the Potential Opt-In Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs and the Potential Opt-In Plaintiffs;

    c. For an Order finding Defendant liable for back wages due to Plaintiff Stevens

*Plaintiffs' Original Complaint*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　8

and Potential Opt-In Plaintiffs who completed work in Colorado, pursuant to the CMWA;

d.  For an Order finding Defendant liable for damages to Plaintiff Stevens pursuant to the CWCA;

e.  For an Order awarding Named Plaintiffs and Potential Opt-In Plaintiffs the taxable costs and allowable expenses of this action;

f.  For an Order awarding Named Plaintiffs and Potential Opt-In Plaintiffs reasonable attorney's fees; and

g.  For an Order awarding Named Plaintiffs and the Potential Opt-In Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

h.  For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, the CMWA and the CWCA; and

i.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,


By: */s/ Caitlin Boehne*
**Caitlin Boehne**
State Bar No. 24075815
cbohene@kaplanlawatx.com
**Austin Kaplan**
Texas Bar No. 24072176
akaplan@kaplanlawatx.com

**KAPLAN LAW FIRM, PLLC**
3901 S. Lamar Blvd, #260
Austin, Texas 78704
Telephone: (512) 553-9390
Telecopier: (512) 692-2788
www.kaplanlawatx.com

Javier Perez
Texas Bar No. 24083650
javier@javierperezlaw.com

**PEREZ LAW PLLC**
4925 Greenville Avenue, #1450
Dallas, Texas 75206
Telephone: (214) 499-0667

**ATTORNEYS FOR PLAINTIFFS**